THE STATE, EX REL. JONES, DIR. OF FINANCE, *v.* BRENNER, TREAS.

(Decided March 23, 1928.)

*Mr. J. V. Starrs,* for relator.

*Mr. Carl Armstrong,* director of law, for City of Youngstown.

*Mr. R. L. Thomas,* prosecuting attorney, for the defendant.

FARR, J. This is an original action in this court, in mandamus, to require the defendant, as treasurer of Mahoning county, to collect with county and state taxes certain special assessments, as set out in the agreed statement of facts, which reads as follows:

"It is agreed between the parties, plaintiff and defendant, herein, that the following statement of facts shall be taken by the court in lieu of evidence in this case as the allegations of fact to be considered by the court in its consideration of this case, namely:

"The city of Youngstown, Ohio, is a municipal corporation duly organized and existing under a charter form of government of the federal plan.

"James E. Jones is the director of finance of the city of Youngstown, Ohio, and has charge and control of all finance transactions of said city, including the collection of money and taxes, certification of tax levies and special assessments to the authorities of Mahoning county, Ohio, and the receipt and disbursement of all money and taxes from the county treasurer. That Judson Brenner is the duly qualified and acting treasurer of Mahoning county, Ohio. That heretofore, to wit, for several years prior hereto, public improvements have been made by the city of Youngstown for which special assessments have been levied upon abutting real estate by the municipal government thereof, said special assessments to be paid in installments of five annual payments; that to provide money for the completion of such public improvements the city of Youngs-

town has in many cases issued bonds as against such special assessment levies.

''That the aggregate amount of such special assessments that have been levied and certified to the county treasurer of Mahoning county for collection, aggregate approximately $300,000.

''That for some time prior hereto it has been the custom and habit of the county commissioners of Mahoning county to accept general taxes on land without requiring the owner thereof also to pay the special assessments against such land; that in many instances general taxes have been paid by owners of real estate against whom special assessments have been levied and certified to said county treasurer, and said county treasurer has not required the owners of such land to pay said special assessments thereon, but has permitted such owner to pay and has received the general taxes on such land without such special assessments being paid.

''That as a result of the habit and custom aforesaid, unpaid special assessments upon lots and lands within the city of Youngstown, certified to the county treasurer of Mahoning county, Ohio, for collection, and upon the tax books and records of said county treasurer, have remained unpaid and uncollected and have become delinquent. That there are now upon the books of the county treasurer of Mahoning county, Ohio, delinquent special assessment taxes uncollected over long periods of time, to wit, as much as ten years.

''That the city of Youngstown has in many instances paid the bonds for the improvement for which such special assessment taxes were levied out

of taxes, general revenue, and sinking funds raised by general taxation.

"That the amount of money paid from the general revenue and the sinking fund and raised by taxation to cover uncollected and delinquent special assessment taxes so certified to the county treasurer of Mahoning county, Ohio, amounted to approximately $550,000 to the present time, and unless special assessment taxation now certified to the county auditor of Mahoning county, Ohio, are collected by county treasurer, said delinquent taxes will increase in amount, and other and further assessments will have to be raised by general taxation in the city of Youngstown to meet and pay such delinquent special assessments. That the aforesaid practice has resulted in the necessity of raising additional revenue in the city of Youngstown by general taxation, has increased the tax rate therein, has added to the tax burdens of the taxpayers of the city of Youngstown, and has caused confusion, annoyance, and difficulty in your relator herein and to the government of the city of Youngstown in the management of its taxation and financial affairs and has increased the burden of the individual taxpayer in said city."

The foregoing serves the present purposes of the court very well, in that it furnishes a complete statement of the facts relating to the issue involved, which is solely as to whether or not the defendant, as such official, is required to make collection of special assessments in connection with the collection of state and county taxes.

The sections of the General Code of interest in this connection are to be found in the chapter relat-

ing to the subject of assessments, Sections 3812 to 3911, inclusive, and, more particularly, Sections 3905, 3906, and 3892, but these it is not necessary to quote, for the reason that the above sections have been before the courts and their meaning is well established, for instance, in *Makley* v. *Whitmore*, 61 Ohio St., at pages 587, 592, 593, 594, 56 N. E., 461, 463, where it is said in the opinion:

"Installments of assessments are to be collected like other taxes; that is, with and in the same manner as state and county taxes, and such taxes cannot be collected out of such proceeds of sale unless they stand unsatisfied upon the annual duplicate."

And to the same effect is the holding in a later case, *Central Ohio Rd. Co.* v. *City of Bellaire*, 67 Ohio St., 297, at page 301, 65 N. E., 1007, 1008, where it is observed:

"These sections clearly give the corporation power to sue within two years for the collection of such assessments as have not been certified to the county auditor, but after such assessment has been so certified the power of the corporation to sue for and collect the same no longer exists, and thereafter the right of action for the collection of such assessments is vested alone in the county treasurer, and he shall collect the assessments with and in the same manner as state and county taxes."

However, the issue in the present case must be determined by a construction of Section 3892, General Code, as amended in 112 Ohio Laws, 61, and which provides, in part:

"The county auditor shall place the assessment upon the tax list in accordance therewith and the county treasurer shall collect it in the same manner

and at the same time as other taxes are collected.''

Therefore, it becomes clear from the foregoing that it is not only the statutory but the mandatory duty of the county treasurer to collect such special assessments with the state and county taxes, and the above statute is so clear that any construction is unnecessary. Therefore, a peremptory writ is allowed as prayed for.

*Writ allowed.*

THOMAS and WILLIAMS, JJ., concur.

Judge THOMAS, of the Fourth Appellate District, and Judge WILLIAMS, of the Sixth Appellate District, sitting in place of Judges POLLOCK and ROBERTS, of the Seventh Appellate District.