## STATE ex BROWN v COOPER

Ohio Appeals, 9th Dist, Summit Co
No 1749. Decided March 17, 1930

Bruce W. Bierce, City Solicitor, Cuyahoga Falls, for State ex.

D. D. Isham, Prosecuting Attorney, Akron, and W. A. Spencer, Assistant Prosecuting Attorney, Akron, for Cooper.

PARDEE, J.

The petition does not allege that the relator is a citizen of said city, but it being admitted that he is a duly elected and qualified official of said city, it will be presumed that he is a citizen and therefore qualified to bring a suit in mandamus to compel the defendant to discharge the duties cast upon him by law.

**Brissel, et al., v. State, ex rel. McCammon, 87 OS. 154.**

Sec. 3892 GC provides that "the county treasurer shall collect it (certified special assessments) in the same manner and at the same time as other taxes are collected." Prior to 1927 (112 OL. 61), the foregoing section did not contain the words "at the same time," and it is the contention of the relator that by the insertion of these words the general assembly intended to prohibit a county treasurer from receiving general taxes levied upon a piece of real estate in a city unless the special assessments levied upon said real estate were also paid.

But with this contention we do not agree. We think the plain import of these words is that special assessments are to be collected in the same manner and within the same periods as general taxes— that is, twice each year and within the same limitations as to time at such semi-annual periods—and not at the same moment general taxes are paid, or, in other words, the taxpayer may or may not pay his special assessments at the same moment he pays his general taxes, and it is the duty of the county treasurer to receive the general taxes without receiving the special assessments if the taxpayer elects so to pay.

The judgment of the trial court is therefore affirmed.

Our attention has been directed to the case of **State, ex rel. Jones, etc., v. Brenner, Treas., etc., 31 App. 465,** decided by the Court of Appeals of the Seventh District, and as we have reached a different conclusion than that reached by said Court of Appeals, this cause will be certified to the Supreme Court for final determination.

Funk, PJ., and Washburn, J., concur.