Marshall, C. J.
 

 Tbe city of Cuyaboga Falls is located in Summit county. Tbe city bas made certain public improvements and bas levied special assessments upon property to pay tbe cost in whole or in part of said improvements. Tbe assessments
 
 *24
 
 are payable over a period of ten years, and under the law have been certified in yearly installments by the city of Cuyahoga Falls to the county treasurer of Summit county for collection as taxes. The duty of collection devolves upon the county treasurer by virtue of Section 3892, General Code, which provides that special assessments shall be certified to the county auditor, stating the amounts and the time of payment, and further provides:
 

 “The county auditor shall place the assessment upon the tax list in accordance therewith and the county treasurer shall collect it in the same manner and at the same time as other taxes are collected, and when collected, pay such assessment, together with interest and penalty, if any, to the treasurer of the corporation,” etc.
 

 It must also be considered that the expression “at the same time,” included in the above-quoted portion of the statute, was inserted by amendment effective June 16, 1927 (112 Ohio Laws, 61). Section 2655, General Code, provides:
 

 “If a person desires to pay only a portion of a tax charged on real estate otherwise than in such installments [referring to installments payable December 20 and June 20, following], such person shall pay a like proportion of all the taxes charged thereon for state, county, township or other purposes, exclusive of road taxes. No person shall be permitted to pay one or more of such taxes without paying the others in like proportion, except only when the collection of a particular tax is legally enjoined.”
 

 Owners of real estate in Cuyahoga Falls have generally been tendering to the treasurer their taxes referable to general levies without tendering pay
 
 *25
 
 ment at the same time for the amount of special assessments certified by the clerk of council to the county treasurer, and the county treasurer has obligingly accepted the general taxes without requiring the payment of the special assessments at the same time. This procedure has resulted in the city of Cuyahoga Falls being unable to meet the payments of principal and interest of bonds issued in anticipation of the collection of the special assessments. The treasurer of the city of Cuyahoga Falls accordingly brought a mandamus suit in Summit county to compel the county treasurer to collect the installments, and to accept no general taxes on any piece of property in Summit county or the city of Cuyahoga Falls, unless he also collects all assessments which have been certified to him for collection upon such property. The court of common pleas denied the writ, and its judgment was affirmed in the Court of Appeals. The cause is certified to this court by the Court of Appeals of the Ninth Judicial District for final determination, because its judgment is in conflict with the decision in the case of
 
 State, ex rel. Jones, Dir. of Finance,
 
 v.
 
 Brenner, Treas.,
 
 decided by the Court of Appeals of Mahoning county, reported in 31 Ohio App., 465, 166 N. E., 389.’ The Court of Appeals of Mahoning county upon parallel facts rendered a contrary decision.
 

 The case turns upon the interpretation of Section 2655, General Code. It is not questioned that it is the duty of the county treasurer to collect the amount of the installments of assessments, which are certified to him by Section 3892, and it is undoubted that it is his duty to collect them at the same time he collects other taxes. It is not, however, enjoined
 
 *26
 
 upon the county treasurer by that section to refuse to receive part of the taxes without insisting upon payment of all. That duty is, however, very definitely enjoined upon the treasurer by Section 2655, if special assessments to pay for public improvements are included in the expression “all other taxes.” If that expression includes special assessments, then the latter sentence of the section leaves no doubt of his duty to refuse to receive payment of general taxes without at the same time receiving payment of the installments of special assessments.
 

 It is urged, on the one hand, that special assessments to pay for public improvements are not taxes, and it is urged, on the other hand, that, if it be conceded that they are not taxes, strictly speaking, they have nevertheless been so regarded by the courts of this state, as well as by the General Assembly. Our attention is called to the fact that the words are used interchangeably in the following Sections of the Code: 3892, 6923, 6602-8c, 6602-27, 3827, 3842-3, 3870-1, 3870-2, 2643. •
 

 This court in a number of cases has declared in unmistakable language that special assessments are “a mode of taxation,” “a species of tax,” and has made use of the words “such tax,” and other significant expressions. These will be found in the following cases:
 
 Chamberlain
 
 v.
 
 City of Cleveland,
 
 34 Ohio St., 551;
 
 Pioneer Trust Co.
 
 v.
 
 Stick,
 
 71 Ohio St., 459, 73 N. E., 520;
 
 Peoples B. & L. Co.
 
 v.
 
 Hanson,
 
 63 Ohio St., 590, 60 N. E., 1133, affirming 5 N. P., 162, 7 O. D., N. P., 179.
 

 Without regard to those expressions of the General Assembly and of this court in adjudicated cases, Section 2655, when considered from its four corners,
 
 *27
 
 seems clear enough to justify without other aid the contentions of the treasurer of the city of Cuyahoga Palls. The “other taxes” therein referred to are such as are charged on real estate for state, county, township, or other purposes exclusive of road taxes. Under the doctrine of interpretation known as
 
 ejusdem generis
 
 the other purposes therein referred to might mean other state, county, or township taxes, but, if that had been the thought of the Legislature, they should have used the words “other taxes” instead of the expression “other purposes.” The doctrine of
 
 ejusdem generis
 
 cannot be held to apply, because of the expression “exclusive of road taxes.” That expression indicates that all taxes were to he included, except only road taxes. There is another expression in Section 2655 which renders this interpretation still more conclusive. It is stated that no person shall he permitted to páy one or more such taxes without paying others in like proportion, “except only when the collection of a particular tax is legally enjoined.” This evidently refers to injunctions brought under favor of Section 12075, General Code, and it is the evident intent of the Legislature in the use of that language in connection with the former language in the same section, that, if a taxpayer desires to avoid payment of assessments at the same time he pays his general taxes, he shall take the precaution of initiating the proceedings in court which will eventually result in escaping the payment of that particular portion of his tax. Manifestly, there is no hardship in this provision, because there is no escape from special assessments after they have been placed on the tax duplicate, except by an appeal to the courts under
 
 *28
 
 favor of Section 12075. It is in the interest of regularity that the appeal to the courts should be made prior to the time when the penalty attaches for nonpayment of the installments which have been placed upon the tax duplicate.
 

 The judgments of both courts will therefore be reversed.
 

 Judgment reversed.
 

 Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.
 

 Jones, J., not participating.